UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTIN DYKEMAN,<br>        Plaintiff,<br><br>    v.<br><br>DAVIDSON COMPANY, INC. OF<br>MERIDEN, et al.,<br>        Defendants. | No. 3:15-cv-00970 (JAM) |

**ORDER RE RULING GRANTING MOTION TO DISMISS**

On October 28, 2015, I heard oral argument on defendants' motion to dismiss the complaint of employment discrimination under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act (CFEPA). Following the oral argument, I ruled from the bench to grant defendants' motion to dismiss. The purpose of this written ruling is to reiterate the grounds for my oral ruling and to ensure that plaintiff receives a copy of this ruling from her counsel.

**BACKGROUND**

On September 13, 2013, plaintiff filed a complaint against defendants with the Connecticut Commission on Human Rights and Opportunities (CHRO) alleging race- and gender-related discrimination in connection with her prior employment. This complaint was also automatically filed with the United States Equal Employment Opportunities Commission (EEOC). On August 14, 2014, plaintiff and her counsel received a "right to sue" letter from the EEOC. On October 3, 2014, plaintiff and her counsel received a release of jurisdiction letter from the CHRO. On June 24, 2015, plaintiff by counsel filed her discrimination complaint in

federal court. Defendants filed a motion to dismiss based principally on grounds that the federal court complaint was not timely filed.

## DISCUSSION

It is long and well established that a plaintiff who complains of employment discrimination must first exhaust administrative remedies and then promptly file her federal court claim if she wishes to seek relief from a federal court. A plaintiff who seeks relief under Title VII must file a federal court complaint within ninety days of receiving notice of her right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Likewise, a plaintiff who seeks relief under CFEPA must file a state or federal civil suit within ninety days of receiving notice of release of jurisdiction from the CHRO. Conn. Gen. Stat. § 46a-101(e). Failure to comply with these 90-day time periods may warrant dismissal of a complaint. *See Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) (*per curiam*); *White v. Dep't of Children & Families*, 136 Conn. App. 759, 767 (2012).

Here, it is evident that plaintiff did not adhere to the 90-day time requirement. Nor has plaintiff alleged any facts to allow for equitable tolling, *i.e.,* that she acted with reasonable diligence and that the circumstances of delay were otherwise extraordinary. *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003). This is not a case in which the plaintiff was proceeding *pro se* and should be afforded additional equitable tolling leniency. *See Toliver v. Sullivan Cnty*., 841 F.2d 41, 42 (2d Cir. 1988) (*per curiam*). The EEOC's right-to-sue letter and the CHRO's release-of-jurisdiction notice were both sent to plaintiff's counsel directly in August and October 2014; plaintiff's counsel, however, delayed several months past the 90-day statutory deadline to file this lawsuit.

I am troubled by counsel's filing of a lawsuit that was plainly time barred. Plaintiff was not present in court for the argument of the motion to dismiss. Plaintiff's counsel stated that she did not know if her client had notice of the oral argument on this motion, and plaintiff's counsel was not certain whether her client had notice of the pendency of defendants' motion to dismiss. As I made clear to counsel at oral argument, I am concerned that plaintiff should not be personally indebted or liable for any fees, costs, or payments to her attorney in circumstances such as these where the attorney has waited to file a complaint until after it was clearly time barred. For that reason and to ensure the protection of plaintiff's rights, plaintiff's attorney shall file a sworn statement or affidavit with the Court attesting that plaintiff has received and acknowledged receipt of a copy of this order.

## CONCLUSION

For the foregoing reasons, I hereby GRANT defendants' Motion to Dismiss and ORDER plaintiff's counsel to file an affidavit with the Court attesting that plaintiff Kristin Dykeman has received and acknowledged receipt of a copy of this Order re Ruling Granting Motion to Dismiss.

It is so ordered.

Dated at New Haven this 3rd day of November 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge